JULIO GODREAU Co., APPELLANT, *v.* THE REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Bargain and Sale.

No. 215.—Decided July 24, 1915.

RECORD OF TITLE—DENIAL OF RECORD—PRESUMPTION.—When the registrar denies any record or entry he should state clearly the actual reasons for such denial, citing the particular section of the law on which he bases the same, and not leave them to be presumed.

ID.—CORPORATION—STOCK AT LESS THAN PAR VALUE.—Whatever may be the real meaning of section 18 of the Act of March 11, 1911, it does not expressly forbid the issue of stock by the directors of a corporation at less than its par value.

ID.—When a document of the kind involved in the case at bar is presented in the registry, the registrar is not bound to refuse its admission to record unless it is void on its face.

ID.—CONTRACT.—When a contract contains all the essentials required by section 1228 of the Civil Code; namely, the consent of the contracting parties, a definite subject-matter and a consideration, the registrar should not refuse its admission to record because the contract may be rescindable.

The facts are stated in the opinion.

*Mr. José C. Ramos* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

This is an administrative appeal from the refusal of the Registrar of Property of Guayama to record a deed of bargain and sale (*compra-venta*) wherein Julio Godreau Lanausse conveyed to Julio Godreau Co., a domestic corporation, certain lots of land for the expressed price of $39,000 and received as an equivalent of such price ninety-three shares of stock of such company at the nominal value of $1,000 each. The note of the registrar is as follows:

"Record of this instrument is hereby denied inasmuch as the contract of bargain and sale of the land covered by the same is forbidden to the organized corporations of this island pursuant to the law of March 9, 1911, and property is acquired therein by Guillermo Godreau Manatou, treasurer of the corporation Julio Godreau Co. and in the name of the latter, valued at $39,000 for 93 shares of stock of the value of $1,000 each as part of the capital stock of said corporation; reference being also made to the curable defect that no showing has been made as to the legal capacity of Guillermo Godreau to appear in behalf of said corporation."

The form of this denial is in itself bad, as the registrar cited the person offering the deed to no particular section of the law of March 9, 1911, nor was the essential reason for the refusal discoverable from the language used. The appellant was at some pains to surmise the reasons of the registrar and covered several points in addition to the one really involved. Subsequently the registrar filed a brief and we now know his reasons, but we should have had a better presentation of the case from the appellant if he had been advised by the registrar of the exact reasons for the refusal as required by law.

The registrar, in brief, bases his refusal on the ground that the directors of a corporation have no right to sell their stock for less than its face value and he apparently relies on section 18 of the law of March 11, 1911, and on the general law of corporations. Section 18 referred to is as follows:

"Section 18.—*Payment of capital stock.* Except as provided in this section, nothing but money shall be considered as payment of any part of the capital stock of any corporation organized under this Act. Any corporation organized under this Act may purchase property necessary for its business, or shares in the stock of any other corporation or corporations owning property necessary for its business, and may issue shares to the amount of the value thereof in payment therefor, and the shares so issued shall be full-paid stock, and not liable to any further call, neither shall the holder thereof be liable to any further payment under the provisions of this Act, and in the absence of actual fraud in the transaction the judgment of the directors as to the value of the property purchased shall be conclusive. In all statements and reports of the corporation to be published or filed, these shares of stock shall be reported in these respects according to the facts and not as being issued for cash paid to the corporation."

Whatever the real meaning of the section may be, it does not expressly forbid the sale of stock at less than its par value, but the registrar reasons that to permit a corporation to make this conveyance would be to admit that the directors of a corporation have power to fix the price of the shares of the corporation they represent at less than their face value, in opposition to their charter and the law of Porto Rico; and he cites from 10 Cyc., 461, and *Le Warne* v. *Meyer et al.,* 38 Fed., 191, to the effect that directors have no right to issue stock at less than face value and that a contract to do so is void.

However this may be, there is not the slightest thing on the face of the deed to suggest that the contract, whatever its real nature, is entirely void. The persons to complain are the creditors or stockholders and they have their remedies under the law. And the authorities show that the courts

will generally refuse their aid if the complainants have not been injured.

All these matters are questions for a court. The registrar is not bound to refuse record to a deed of this kind unless it is void on its face. The contract contains all the essentials of section 1228 of the Civil Code, namely, the consent of the contracting parties, a definite object and a consideration. The registrar is not bound to refuse record because the contract may perhaps be rescindable. The note must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.